UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IYAN MAYES, #524506,

    Plaintiff,

v.

    CIVIL ACTION NO. 12-11344

    DISTRICT JUDGE AVERN COHN

    MAGISTRATE JUDGE MARK A. RANDON

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT THE MICHIGAN DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS (DKT. NO. 11)**

This is a *pro se* prisoner civil rights action brought under 42 U.S.C. § 1983. Plaintiff Iyan Mayes alleges that the Michigan Department of Corrections ("MDOC") and "Health Care Services" at three correctional facilities were deliberately indifferent to his medical needs in violation of the Eighth Amendment to the United States Constitution. Judge Avern Cohn referred the case to this Magistrate Judge for all pretrial proceedings (Dkt. No. 8).

The MDOC's motion to dismiss is pending (Dkt. No. 11). Plaintiff responded to the motion on September 19, 2012 (Dkt. No. 140). Because the MDOC is a state agency that is immune from suit under the Eleventh Amendment, this Magistrate Judge **RECOMMENDS** that the MDOC's motion to dismiss be **GRANTED**.

I. ANALYSIS

A.     **Standard of Review**

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. As the Supreme Court has recently made clear, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice") (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct Plaintiff's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). In other words, a court's duty to liberally construe a *pro se* complaint "does not require [the court] to conjure up unpled allegations, or to create a claim for a plaintiff. To command otherwise would require the Court 'to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985); *Armstead v. Bush*, No. 305CV274H, 2005 WL 1503556, at *2 (W.D. Ky. Jun.23, 2005) (internal citations and

quotation marks omitted); accord *Watson v. United Bank and Trust*, No. 12-10040, 2012 WL 1606057 (E.D. Mich. April 10, 2012) adopted by 2012 WL 1606073 (E.D. Mich. May 08, 2012).

### B. Eleventh Amendment Immunity Bars Plaintiff's Claims Against the MDOC

The Eleventh Amendment provides states immunity from suit by private citizens in federal courts. *Lawson v. Shelby County, Tennessee*, 211 F.3d 331 (6th Cir. 2000). There are only three qualified exceptions to this grant of immunity. First, the grant of immunity may be waived by the state; second, Congress may, in certain constitutionally mandated circumstances, abrogate the states' immunity through statute; and third, "a federal court may enjoin a 'state official' from violating federal law." *Id.* at 334-335 (citing *Ex parte Young*, 209 U.S. 123 (1908)).

The state of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and § 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Additionally, the language of § 1983 itself does not permit suits against a state or its agencies. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989).

Plaintiff's Complaint does seek injunctive relief. However, "injunctive relief is available. . . only against state officers-not the state itself-who violate federal law." *Lawson,* at 335 (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)). Therefore, Plaintiff has failed to state a claim against the MDOC upon which relief may be granted under § 1983, and the MDOC should be dismissed from this lawsuit.

## II.  CONCLUSION

For the reasons stated above this Magistrate Judge **RECOMMENDS** that the MDOC's motion be **GRANTED** and that Plaintiff's claims against the MDOC be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon<br>
Mark A. Randon<br>
United States Magistrate Judge

Dated: September 25, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, September 25, 2012, by electronic and/or ordinary mail.*

*s/Melody Miles*
*Case Manager*