UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IYAN MAYES,

        Plaintiff,        CIVIL ACTION NO. 12-11344

                              DISTRICT JUDGE AVERN COHN

v.

                              MAGISTRATE JUDGE MARK A. RANDON

SOUTHERN REGIONAL
HEALTH CARE SERVICES, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S LAWSUIT

When Plaintiff filed his Complaint on March 26, 2012, he was an inmate with the Michigan Department of Corrections. On February 25, 2013, the Court mailed an Amended Judgment to Plaintiff informing him that the case was dismissed in error on November 2, 2012. On March 7, 2013, Plaintiff's mail was returned, because he was on "Parole/Discharged" (Dkt. No. 24). Plaintiff has not provided the Court a new address, as required by E.D. Mich. LR 11.2.

On April 19, 2013, the Court gave Plaintiff until May 20, 2013 to explain why this Magistrate Judge should not recommend dismissal based on lack of prosecution. The Order and the notice regarding Plaintiff's responsibility to notify the Court of an address change was sent to Plaintiff – which was returned as undeliverable – and his parole officer. Plaintiff did not respond.

Rule 41(b) permits the Court to dismiss a case *sua sponte* under its inherent power: "the authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in

the calendars of the District Courts." *Link v. Wabash R. Co.*, 370 U.S. 626, 629-630 (1962); *see also Knoll v. Am. Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In the case of a *pro se* litigant, "the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236 at *2 (E.D. Mich. May 31, 2007). Nonetheless, because Defendants are entitled "to a fair and timely resolution of the litigation . . . *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Id.*; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Under Knoll, a court should generally consider four factors in deciding whether the dismiss under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Furthermore, E.D. Mich. LR 11.2 provides:

> Every attorney and ever party not represented by an attorney must include his or her contact information consisting of his or address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

Plaintiff updated his address with the Court twice (Dkt. Nos. 13, 21) so there is little doubt that Plaintiff is aware of the requirement to do so. Plaintiff has failed, however, to apprise the Court of his current valid address (mail is being returned as undeliverable). Accordingly, **IT IS RECOMMENDED** that Plaintiff's case be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office.  *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  *See* E.D. Mich. LR 72.1(d)(3), (4).

        s/Mark A. Randon  
        Mark A. Randon  
        United States Magistrate Judge

Dated:  May 21, 2013

*Certificate of Service*

    *I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, May 21, 2013, by electronic and/or ordinary mail.*

        *s/Eddrey Butts*  
        *Case Manager for Magistrate Judge Randon*